IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL C. WARNKEN and
ALL CALIFORNIANS SIMILARLY
SITUATED,

      Plaintiffs,                      No. CIV S-08-2891 LKK EFB PS

    vs.

ARNOLD SCHWARZENEGGER,
Governor of California;
DEBRA BOWEN, Secretary of State;
JERRY BROWN, Attorney General;
THE CALIFORNIA ASSEMBLY, and
ONE TO UNKNOWN DOE                ORDER
ASSISTANTS,

      Defendants.
_____/

        Plaintiff moves, pursuant to E. D. Cal. L. R. ("Local Rule") 5-133(b)(3), to electronically file documents in this court, rather than in paper format as generally required of pro se litigants. Plaintiff sets forth several arguments in support of his motion, including a right of equal and full access to the courts, and general pragmatic considerations.

        Local Rule 5-133(b)(2) provides that, "Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. See L.R. 5-133(b)(3). All pro se litigants shall file and serve paper documents as required by applicable

Federal Rules of Civil or Criminal Procedure or by these Local Rules."

The purpose of this rule is to insure that pro se documents are properly filed. *See, e.g., Baker v. IC System, Inc.*, 2008 WL 4186166, 1 (D. Ariz. 2008) (the court "require[s] pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed"). This purpose is well served in cases such as the present one, which involve voluminous filings by the pro se litigant (e.g., the complaint and supporting documents total more than 1000 pages). Such voluminous filings also signal to the court the potential for abuse if electronic filing were permitted. *See, e.g., Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643, 2 (N.D. Cal. 2008) ("The docket is not a bulletin board for the private use of litigants").

It is also significant that defendants' motions to dismiss, which were heard on December 19, 2008, remain pending for decision. The motions were fully briefed by all parties, and there is no cause for additional briefing at this time. Thus, plaintiff's request to file documents electronically is, at this juncture, superfluous. If the action proceeds beyond disposition of the pending motions, the court will revisit the matter.

For the foregoing reasons, plaintiff's motion to file documents electronically in this court, Dckt. No. 36, is hereby DENIED.

IT IS SO ORDERED.

DATED: February 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE